

**FILED**

**June 13, 2018**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:07 P.M. EASTERN



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **DUWAN DUIGNAN,** ) | **Docket No. 2017-03-0080** |
| **Employee,** ) | |
| **v.** ) | |
| **STOWERS MACHINERY** ) | |
| **CORPORATION,** ) | **State File No. 42192-2016** |
| **Employer,** ) | |
| **And** ) | |
| **ZURICH AMERICAN INSURANCE** ) | |
| **COMPANY,** ) | **Judge Pamela B. Johnson** |
| **Carrier.** ) | |

## REMAND COMPENSATION ORDER

This matter came before the Court upon remand from the Workers' Compensation Appeals Board. Following a Compensation Hearing, this Court concluded Duwan Duignan was permanently and totally disabled. Stowers Machinery Corporation appealed, and the Workers' Compensation Appeals Board reversed and remanded the case for determination of the amount of Mr. Duignan's permanent partial disability. Based upon the parties' stipulations announced during the Compensation Hearing, this Court holds Mr. Duignan is entitled to 51.03 weeks of permanent partial disability benefits or $41,801.22.

## History of Claim

The relevant facts were previously set forth in the Compensation Hearing Order[1] and Appeals Board Opinion[2] and are incorporated as if set forth below. For context, Mr. Duignan sustained a work-related injury on June 1, 2016, and gave notice to Stowers. He received authorized medical treatment with Dr. Patrick Bolt, and Stowers paid his medical expenses. Mr. Duignan received temporary disability benefits from June 2 through July 27, 2016. He

---

[1] *Duignan v. Stowers Mach. Corp.*, 2017 TN Wrk. Comp. LEXIS 196 (Dec. 12, 2017).

[2] *Duignan v. Stowers Mach. Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 25 (May 29, 2018).

1

reached maximum medical improvement on October 5, 2016, but did not return to work for Stowers or any other employer. His average weekly wage of $1,228.72 entitles him to a weekly compensation rate of $819.15.

## Analysis
### Permanent Impairment Rating

At the hearing, the Court weighed the conflicting medical opinions of Dr. Patrick Bolt, the authorized treating physician, and Dr. William Kennedy, Mr. Duignan's independent medical examiner. Dr. Bolt determined Mr. Duignan sustained a seven-percent impairment. In contrast, Dr. Kennedy found Mr. Duignan had a nine-percent impairment. The Court held that Dr. Kennedy's opinion failed to rebut the presumption of correctness afforded Dr. Bolt's opinion and concluded that Mr. Duignan sustained a seven-percent permanent impairment rating. Mr. Duignan did not appeal the Court's finding as to the permanent impairment rating.

### Permanent Partial Disability

At the beginning of the Compensation Hearing, the parties stipulated to the issues for the Court's determination. The parties agreed the Court had to decide whether Mr. Duignan was entitled to permanent partial disability benefits based upon an initial compensation award, plus increased benefit factors for no return to work and age, or whether Mr. Duignan was permanent and totally disabled from his work injury. *See* Transcript Vol. 1, pp. 20-21. During closing arguments, the parties agreed that if the Court determined Mr. Duignan was not permanently and totally disabled, he would be entitled to the original initial compensation award plus increased benefits for no return to work and his age. *See also* Transcript Vol. 3, pp. 367-68, 370, and 384.

In determining the amount of Mr. Duignan's permanent partial disability award, the Court considers the parties' agreement as to Mr. Duignan's entitlement to increased benefit factors for no return to work and age and the Court's conclusion that Mr. Duignan sustained a seven-percent permanent impairment rating. Applying these factors to the rating, the Court holds Mr. Duignan is entitled to 51.03 weeks at his compensation rate of $819.15 or $41,801.22. Stowers shall pay the permanent partial disability benefits in a lump sum, as the benefits have accrued.

### Attorney Fees

Additionally, Mr. Duignan's counsel requested a twenty-percent fee. A fee of twenty percent is statutorily-authorized and customary in cases brought before this Court. The Court previously found that this case required significant time and expertise. Therefore, under Tennessee Code Annotated section 50-6-2226(a)(1), the Court holds a twenty-percent fee

reasonable and awards Mr. Duignan's counsel a fee of $8,360.24 to be paid in a lump sum.

**IT IS, THEREFORE, ORDERED** as follows:

1. Stowers and/or its carrier shall provide Mr. Duignan with medical treatment for his work injuries under Tennessee Code Annotated section 50-6-204. Dr. Bolt remains the authorized treating physician.

2. Stowers and/or its carrier shall pay Mr. Duignan a permanent partial disability award of $41,801.22. Out of this award, Mr. Duignan's counsel shall be paid a twenty-percent attorney fee, or $8,360.24, in a lump sum.

3. Stowers shall prepare and file a statistical data form within ten business days of the date of this order.

4. The filing fee for this this cause is taxed to Stowers under Rule 0800-02-21-.07 of the Tennessee Compilation Rules and Regulations.

5. Absent an appeal of this order by either party, the order shall become final thirty days after issuance.

**ENTERED June 13, 2017.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Remand Compensation Order was sent to the following recipients by the following methods of service on June 13, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Link A. Gibbons, Employee's Attorney | | | X | link@linkgibbonslaw.com |
| G. Gerard Jabaley Employer's Attorney | | | X | gjabaley@wimberlylawson.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4